1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

STEVEN TARBUCK,

10                              Plaintiff,            CASE NO. C09-5653BHS

11          v.                                        ORDER GRANTING IN PART
                                                      AND DENYING IN PART
12   CITY OF OCEAN SHORES, et al.,                    DEFENDANTS' MOTION
                                                      FOR SUMMARY JUDGMENT
13                              Defendants.           AND ORDERING PARTIES
                                                      TO SHOW CAUSE
14

15          This matter comes before the Court on Defendants' motion for summary judgment.

16   Dkt. 12. The Court has considered the pleadings filed in support of and in opposition to

17   the motion and the remainder of the file and hereby grants in part and denies in part

18   Defendants' motion for the reasons stated herein.

19                            **I.  PROCEDURAL HISTORY**

20          On October 28, 2010, Defendants filed the instant motion for summary judgment.

21   Dkt. 12. On November 15, 2010, Plaintiff Steven Tarbuck ("Tarbuck") responded in

22   opposition (Dkt. 15), and on November 19, 2010, Defendants replied (Dkt. 16).

23                              **II.  FACTUAL HISTORY**

24          The following facts are undisputed. Tarbuck owned and operated an excavation

25   company called "Steve's Excavation" from 2006 to 2009. Dkt. 12 at 1; Dkt. 15 at 2.

26   Tarbuck owned real property known as "Shemya Ct." in Ocean Shores, Washington. Dkt.

27
28

ORDER – 1

15 at 6. In 2009, Tarbuck filed for bankruptcy. *Id*. at 7. Tarbuck currently resides in Nevada. *Id*. at 6.

On June 28, 2007, Defendant Claire Kidwell ("Kidwell"), the city of Ocean Shores Code Enforcement Officer, issued Citation No. 26828 to Tarbuck for two violations of Ocean Shores Municipal Code ("OSMC"): (1) conducting home occupation visible from outside the operator's residence in violation of OSMC 17.50.030(A), and (2) outside storage related to home occupation in violation of OSMC 17.50.030(G). Dkt. 13, Ex. 1; Dkt. 15 at 4. On October 11, 2007, Kidwell issued Citation No. 26840 for violation of OSMC 8.32.020(1), which makes the "existence of any accumulation of wastepaper, hay, grass, straw, weeds, litter of combustible trash upon any roof or in any building, court, yard, vacant lot or open space; or endangers property, or is liable to be fired, or constitutes a fire hazard" a nuisance. Dkt. 13, Ex. 3; Dkt. 15 at 4. On the same day, Kidwell also issued Citation No. 26841 for violation of OSMC 01.020.010: Outside storage related to home occupation. Dkt. 13, Ex. 5; Dkt. 15 at 4. The final citation in dispute, Citation No. 25649, was issued on September 18, 2008, by Defendant Officer Eric Cochran ("Cochran") for violation of OSMC 15.32.050: prohibited open burning. Dkt. 14, Ex. 3.

## III. DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

1   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

2   present specific, significant probative evidence, not simply "some metaphysical doubt").

3   *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if

4   there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

5   jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

6   U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

7   626, 630 (9th Cir. 1987).

8         The determination of the existence of a material fact is often a close question. The

9   Court must consider the substantive evidentiary burden that the nonmoving party must

10   meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

11   U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

12   issues of controversy in favor of the nonmoving party only when the facts specifically

13   attested by that party contradict facts specifically attested by the moving party.  The

14   nonmoving party may not merely state that it will discredit the moving party's evidence at

15   trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec.*

16   *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 253).  Conclusory,

17   nonspecific statements in affidavits are not sufficient, and missing facts will not be

18   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

19   **B.    Defendants' Motion for Summary Judgment**

20         In his complaint Tarbuck asserts two federal causes of action: (1) violations of his

21   substantive due process rights protected by 42 U.S.C § 1983, and (2) violation of his First

22   Amendment rights to freedom of speech. Dkt. 1. Tarbuck also alleges four state causes of

23   action for prosecutorial misconduct relating to the issuance of four municipal code

24   violation citations. *See id.*

25         **1.    Federal Claims**

26         Defendants correctly point out in their reply brief that Tarbuck fails to provide a

27   response to Defendants' motion for summary judgment as to his First Amendment claim.

28

ORDER – 3

1    Accordingly, the Court finds in favor of Defendants on summary judgment as to the First

2    Amendment claim. *See* W.D. Wash Local Rule 7(b)(2) ("If a party fails to file papers in

3    opposition to a motion, such failure may be considered by the court as an admission that

4    the motion has merit").

5                    **a.      Substantive Due Process**

6           Tarbuck claims that Defendants violated his substantive due process rights by

7    harassing him for over two years. Dkt. 15 at 18. Tarbuck alleges a number of instances

8    where the City of Ocean Shores officials issued citations for violations of municipal

9    codes, performed traffic stops on him, refused to issue him a burn permit, did not place

10   him on a city contractor's list, surveyed Tarbuck's activities, issued stop work orders, and

11   issued failed inspection reports of Tarbuck's work. Dkt. 15 at 1-6.

12          "To succeed on a substantive . . . due process claim, the plaintiffs must first

13   establish that they were deprived of an interest protected by the Due Process Clause."

14   *Johnson v. Rancho Santiago Comm. College Dist.*, 623 F.3d 1011 (citing *Shanks v.*

15   *Dressel,* 540 F.3d 1082, 1087 (9th Cir. 2008) (substantive due process)). *See also Bd. of*

16   *Regents v. Roth,* 408 U.S. 564, 573 (1972) (holding that the Due Process Clause protects

17   the right to "engage in the common occupations of life").

18          While Tarbuck fails to explicitly state which interest he was deprived of, the Court

19   will assume that Tarbuck is asserting that he was deprived of his liberty interest because

20   Tarbuck references his liberty interest in his brief. Specifically, Tarbuck argues that

21   "[c]ourts clearly do recognize a substantive due process claim where an individual is

22   deprived of 'rights implicit in the concept of ordered liberty.'"Dkt. 15 at 18 (quoting

23   *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)) (emphasis omitted).

24          However, "[o]nly those aspects of liberty that we as a society traditionally have

25   protected as fundamental are included within the substantive protection of the Due

26   Process Clause." *Mullins*, 57 F.3d at 793. The Court must "exercise the utmost care

27   whenever we are asked to break new ground in this field, lest the liberty protected by the

28

ORDER – 4

Due Process Clause be subtly transformed into the policy preferences of [federal judges]." *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir.2006) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)).

Defendants violate Tarbucks's liberty interest only when they foreclose his "right 'to be free from wholly unreasonable and arbitrary' government conduct." *Nunez*, 147 F.3d at 871. "There is no general liberty interest in being free from capricious government action." *Id.* at 873 (citing *Jeffries v. Turkey Run Consol. Sch. Dist.*, 492 F.2d 1, 4, n. 8 (7th Cir.1974)). "Otherwise . . . 'every time a citizen [i]s affected by governmental action, he would have a federal right to judicial review.'" *Nunez*, 147 F.3d at 873-74 (quoting *Jeffries,* 492 F.2d at 4, n. 8). "Put simply, not every social injustice has a judicial remedy." *Nunez,* 147 F.3d at 874 (citing *Bishop v. Wood*, 426 U.S. 341, 349 (1976) ("[t]he federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies")). Moreover, "[t]he federal judiciary is not a good-government watchdog; the Due Process Clause is not the 'Fairness Clause.'" *Nunez*, 147 F.3d at 874.

Tarbuck argues that Defendants' conduct between 2006 and 2009 "shocks the conscience" and therefore constitutes a constitutionally prohibited abuse of government power. Dkt. 20-22. However, the conduct that Tarbuck complains of neither shocks the conscience nor shows a governmental abuse of power as to warrant this Court to expand liberty interest protected by the Due Process Clause. *See Caldwell v. Brown,* 2010 WL 3501839 (W.D.Wash., 2010) (conduct did not "shock the conscience" where government executed a custody order at funeral). In order to establish a constitutional violation under the substantive Due Process Clause, Tarbuck must show that the governmental action deprived him of a protected liberty interest. *Brittain*, 451 F.3d at 991. For the reasons discussed above, Tarbuck has failed to do so. Therefore, the Court finds in favor of Defendants on their motion for summary judgment as to Tarbuck's substantive due

process claim because Tarbuck was not deprived of a fundamental interest protected by the Due Process Clause.

### b. Qualified Immunity

In addition, Defendants argue that Defendants Kidwell, Cochran, and McEachim are entitled to qualified immunity. Dkt. 12 at 11-14. A state official is entitled to qualified immunity unless he or she violated clearly established law of which a reasonable person should have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Qualified immunity is a judicially-crafted protection for public officials who must exercise judgment in their official duties. *See id.* "It is an 'immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) (citation omitted). "The district court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." *Act Up!/Portland v.Bagley*, 988 F.2d 868, 871 (9th Cir. 1993).

To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show that a state official's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201; *Robinson v. Solano County*, 278 F.3d 1007, 1012 (9th Cir. 2002) (en banc). If no constitutional right was violated, immunity attaches and the inquiry ends. *Saucier*, 533 U.S. at 201. If a constitutional right would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case. *Id.* Finally, the contours of the right must be clear enough that a reasonable officer would understand whether his or her acts violate that right. *Id.* at 202.

Here, Tarbuck has failed to show that Kidwell, Cochran, or McEachin's conduct violated his due process rights.  The Court notes that even if it were to adopt Tarbuck's theory representing an expansion of the law as to what constitutes a deprivation of a protected liberty interest, such a result could not be regarded as a violation of a clearly

established right.  Therefore, Defendants Kidwell, Cochran, and McEachin are immune from prosecution of Tarbuck's federal claims.

### 2.    State Claims

With the federal claims dismissed, the Court should decline to exercise supplemental jurisdiction over Tarbuck's non-federal claims unless the parties show cause as to why this case should not be remanded to state court. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir.1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court"); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction"). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law").

### IV. ORDER

Therefore, the Court **GRANTS** Defendants' motion for summary judgment as to Tarbuck's federal claims; **DISMISSES** all federal claims against Defendants; and **ORDERS** the parties to show cause, by December 29, 2010, why the remaining state claims should not be remanded to state court for the reasons stated herein.

DATED this 20th day of December, 2010.

BENJAMIN H. SETTLE
United States District Judge